## Hatton v. McElhaney et ux.

*Templeton, Whiteman, Rowley & Gilkey,* for plaintiff.

*J. M. Hittle* and *D. H. Henry,* for defendants.

McLAUGHRY, P. J., September 27, 1933.—In this case a bill for an injunction to set aside an alleged fraudulent conveyance and transfer of property was presented. The preliminary hearing on the injunction and restraining order granted was waived by the defendants, and a stipulation was filed agreeing to the continuance of the injunction and restraining order until hearing on the merits of the case. It is now before the court for decision upon the bill of complaint, the admissions and denials of the answer filed by the defendants, and the testimony taken at the hearing.

Howard Hatton, the plaintiff, is the husband of Lois Hatton. Prior to June 1932, they were living together in their home at Jamestown, and among their acquaintances were the defendants, John and Anna McElhaney. On June 5, 1932, the defendant John McElhaney left his wife and family, but before leaving had an arrangement with Lois Hatton to meet her in Pittsburgh and furnish her money to defray her expenses. Lois Hatton met him as agreed upon, and for some time they traveled together through a number of western States, living together and holding themselves out as husband and wife. On or about November 1, 1932, they returned to Youngstown, Ohio, where the said Lois Hatton was deserted by the said John McElhaney.

On or about June 10, 1932, at the time he left his home with Lois Hatton, John McElhaney was the sole owner in fee of certain real estate described in the plaintiff's bill of complaint and was also the owner of a bank deposit in the First National Bank of Greenville.

On November 2, 1932, when John McElhaney abandoned Lois Hatton in Youngstown, Ohio, he returned to his wife and family, and on November 5, 1932, conveyed to his wife, Anna McElhaney, the real estate described in the bill of complaint and transferred to her the balance of the bank account on deposit in the First National Bank of Greenville. On January 6, 1933, Howard Hatton brought an action for damages at no. 56, March term 1933, in the Court of Common Pleas of Mercer County against John McElhaney for criminal con-

versation with Lois Hatton, the wife of Howard Hatton, and for alienation of the affections of the said Lois Hatton, which action is based on the seduction and debauchery of said Lois Hatton by John McElhaney prior to November 5, 1932.

The proceedings before the court at this time are under the Uniform Fraudulent Conveyance Act of May 21, 1921, P. L. 1045. The question is whether or not the plaintiff, Howard Hatton, is in fact a creditor under the said act. The defendants deny that the plaintiff had an existing but unliquidated claim against the defendant John McElhaney on November 5, 1932. As there does not seem to be any question about the facts, the question for the court to determine is whether the relations of John McElhaney with Lois Hatton during the period of some 2 or 3 years prior to November 5, 1932, made Howard Hatton such a creditor of the defendant John McElhaney as is contemplated by the Uniform Fraudulent Conveyance Act. Section 4 of the Uniform Fraudulent Conveyance Act of 1921 reads as follows:

"Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent, is fraudulent as to creditors, without regard to his actual intent, if the conveyance is made or the obligation is incurred without a fair consideration."

In section 1 of said act, the word creditor is defined as "a person having any claim, whether matured or immatured, liquidated or unliquidated, absolute, fixed, or contingent."

Section 10 of said act reads as follows:

"Where a conveyance made or obligation incurred is fraudulent as to a creditor whose claim has not matured, he may proceed, in a court of competent jurisdiction, against any person against whom he could have proceeded had his claim matured, and the court may:

"(a) Restrain the defendant from disposing of his property".

From an examination of the Fraudulent Conveyance Act and the decisions of the courts interpreting it, we are convinced that on November 5, 1932, the plaintiff Howard Hatton had an existing but unliquidated claim for damages against the said John McElhaney for the alienation of his wife's affections. From the time the seduction occurred, this claim was a matured claim. On November 5, 1932, the date of the alleged fraudulent conveyance, the claim had not been reduced to judgment, but under the pleadings, the testimony, and admissions of defendants, the liability had been fixed. The claim was not "matured" in the sense that it was due and liquidated at the time of the conveyance, but under the provisions of the act of assembly there was such a claim as should render the conveyance fraudulent. The conveyance and transfer of the property of the said John McElhaney on November 5, 1932, rendered him insolvent, which seems to be admitted by the said John McElhaney in his testimony.

There is another question, however, that defendant has raised, and that is that there was consideration in the transfer of the property by John McElhaney to Anna McElhaney. On October 17, 1932, John McElhaney having deserted his wife Anna McElhaney and his whereabouts being unknown to her, she instituted proceedings under section 2 of the Act of May 23, 1907, P. L. 227, alleging desertion and nonsupport by the said John McElhaney. The record shows that service upon the defendant was made by publication, but no answer was filed and no hearing was held, and it would appear from the testimony in this case that the proceedings were discontinued. It is alleged as a defense that in consideration of the conveyance of the property by John McElhaney to Anna McElhaney a settlement was made of the bill for maintenance brought by Anna

112

McElhaney at no. 1, December term 1932. It has been held that, where there is a conveyance or a transfer to a wife for a nominal consideration, the burden is on her to show that it was not fraudulent. We are of the opinion that, at the time John McElhaney returned to his home and was received by his wife, whatever claim she might have had against her husband or his property for maintenance was at an end. From that time up to the present he was, and is presumed to have been, discharging his obligations for supporting his family, and the said Anna McElhaney had no claim against her husband under the bill for maintenance that would serve as a consideration for the transfer of his property on November 5, 1932.

Another question which has been raised is that Lois Hatton was the instigator of the relationship between her and John McElhaney, and that therefore the plaintiff has no ground to maintain an action. We think it unnecessary to discuss this question here, as we think it is not material at this time. Whatever merit there is to this position may be brought out in the trial of the action brought for damages.

### Decree

And now, September 27, 1933, this cause having come on to be heard upon bill, answer, and proofs, upon consideration thereof it is ordered, adjudged, and decreed

1. That the bill be sustained, and the defendants are enjoined and restrained from mortgaging, encumbering, or conveying the real estate described in the bill, and the defendant Anna McElhaney from transferring, withdrawing, or otherwise disposing of any moneys received by or transferred to her from the defendant John McElhaney, in settlement of the action instituted by her against the said John McElhaney at no. 1, December term 1932.

2. That First National Bank of Greenville, Penna., be prohibited, enjoined, and restrained, until further order of this court, from paying out or transferring, or permitting to be paid out, transferred, or withdrawn, any funds had on deposit with said bank by John McElhaney of Jamestown, Penna., prior to October 17, 1932, and since then, viz, on or about November 5, 1932, assigned or transferred to Anna McElhaney, wife of said John McElhaney.

3. That defendants shall pay the costs of this proceeding.

The prothonotary will enter this decree nisi and give notice of same to the parties or their counsel, and if no exceptions are filed within 10 days thereafter either party may present to the court a form of final decree then to be entered.

From W. G. Barker, Mercer, Penna.